UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN PAUL MCCLANE,<br><br>                      Plaintiff,<br><br>       v.<br><br>DEPARTMENT OF CORRECTIONS WA,<br><br>                      Defendants. | Case No. 3:17-cv-05071-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 10, 2017 |

This matter is before the Court on plaintiff's filing of an amended complaint pursuant to the Court's order that he file one. Dkt. 4-5. Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, plaintiff's amended complaint remains fatally deficient, and therefore the undersigned recommends that the Court dismiss this action without prejudice prior to service for failure to state a claim upon which relief may be granted.

DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228

REPORT AND RECOMMENDATION - 1

(9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff, an inmate at the Washington State Penitentiary, alleged in his original complaint that various items of personal property he purchased through the prison's "ordering system" are "ALL Gone," and that "[n]o [one] wants to help" him find them. Dkt. 1-1, p. 3. Plaintiff further alleged that the Washington State Department of Corrections (DOC) "is refusing to give" him his property. *Id.* The undersigned found these claims to be fatally deficient for a number of reasons. *See* Dkt. 4. Specifically, plaintiff:

REPORT AND RECOMMENDATION - 2

- did not allege a violation of either the constitution or a federal statute;

- named the DOC as the sole defendant;

- failed to allege facts showing how individually named defendants actually caused or personally participated in causing the harm alleged; and

- did not allege acts or behavior that arose above the level of negligence.

*Id.* Although plaintiff has filed an amended complaint (Dkt. 5), it remains fatally deficient for substantially the same reasons.

In his amended complaint, plaintiff again names the Washington State Department of Corrections (DOC) as a defendant. Under the Eleventh Amendment, however, a state is not subject to suit by its own citizens in federal court. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). A state agency, as an arm of the state, is immune from suit in federal court as well. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989). An entity that has Eleventh Amendment immunity also is not a "person" within the meaning of 42 U.S.C. § 1983. *Howlett*, 496 U.S. at 365. As a state agency, the DOC thus is immune from liability and thus cannot be sued by plaintiff.

Plaintiff has added two individually named defendants to his amended complaint, but fails to set forth facts showing how either caused or personally participated in causing the harm alleged. Dkt. 5. Indeed, other than listing their names in the caption of the amended complaint, neither defendant's name appears elsewhere in the complaint. *Id.*

Lastly, plaintiff once more fails to allege a violation of the constitution or federal law, and his claims again do not arise above the level of negligence, which provides an insufficient basis for seeking redress under 42 U.S.C. § 1983. *Id.*; *Strong v. Woodford*, 428 F.Supp.2d 1082, 1085 (C.D. Cal. 2006) ("[A] negligent act by a person acting under color of state law does not rise to the level of a constitutional violation.") (citing *Daniels v. Williams*, 474 U.S. 327, 333

REPORT AND RECOMMENDATION - 3

(1986)); *see also Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989). ("Actions such as mislaying an inmate's property" suggest "merely 'failure to measure up to the conduct of a reasonable person,'" and therefore "do not constitute more than negligence").

## CONCLUSION

Because plaintiff already has been granted the opportunity to state a viable constitutional claim by filing an amended complaint – but the amended complaint remains fatally deficient without any indication the deficiencies discussed above can be cured – dismissal of this action is for failure to state a claim under 42 U.S.C. § 1983 is proper.[1]

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **March 10, 2017**, as noted in the caption.

DATED this 23rd day of February, 2017.

Karen L. Strombom
United States Magistrate JudgeJo

---

[1] Along with his amended complaint, plaintiff also filed a second application to proceed *in forma pauperis*. Dkt. 6. As plaintiff previously was granted *in forma pauperis* status in this matter (Dkt. 2), however, this second application is moot and therefore should be denied as such as well.

REPORT AND RECOMMENDATION - 4